UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KARLOS HARRIS, #297127,

                    Plaintiff,                           Case No. 15-cv-12347

v.                                                     Honorable Thomas L. Ludington

DR. WANG,

                    Defendant.

_____/

**ORDER DENYING PETITIONER'S APPLICATION TO PROCEED IN FORMA
PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Michigan state prisoner Karlos Harris has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint alleges that Defendant Dr. Wang has been deliberately indifferent to Plaintiff's medical needs. Plaintiff seeks monetary damages and injunctive relief. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, Plaintiff's request for leave to proceed *in forma pauperis* will be denied and Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(g).

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action. 28 U.S.C. § 1915(a)(2). A prisoner, however, may be barred from proceeding *in forma pauperis* in a civil action under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, and on three or more previous occasions a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). Plaintiff has filed three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Harris v. Mich. Dep't of Corrections,* No. 08-13383 (E.D. Mich. Oct. 21, 2008) (Murphy, J.)*; Harris v. Mich.*, No. 08-14374 (E.D. Mich. Oct. 31, 2008) (Friedman, J.)*; Harris v. G. Robert Cotton Correctional Facility,* No. 09-11006 (E.D. Mich. March 27, 2009) (Tarnow, J.).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis. Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.") (internal quotation marks and citation omitted). Plaintiff's allegations concern treatment of a cracked tooth. Plaintiff disagrees with the treatment Defendant Wang is providing him. She recommends that she extract the tooth to relieve his pain. Plaintiff would prefer not to lose the tooth and to

obtain treatment by an endodontist. The documents attached to the petition show that the prison does not have an endodontist on staff, so any treatment by an endodontist would have to be arranged by Plaintiff's family. The complaint shows that Plaintiff is being seen and offered treatment for his dental problems. It is just not the treatment he prefers. Plaintiff's claims do not fall within the "imminent danger" exception of § 1915(g). *See Gresham v. Czop*, No. 1:12-cv-494, 2012 WL 2317558, *5 (W.D. Mich. June 18, 2012) (prisoner-plaintiff's disagreement with the course of medical treatment does not provide a basis for a finding of imminent danger); *Simpson v. Prison Health Services, Inc.*, No. 1:09-cv-698, 2010 WL 2010893, *3 (W.D. Mich. Apr. 26, 2010) (declining to invoke the imminent danger exception where "[t]he essence of Plaintiff's complaint is simply that he disagrees with the medical treatment he has received"); *Watley v. Escobar,* No. 4:09-cv-3003, 2010 WL 1643801, *1 (N.D. Ohio Apr. 22, 2010) (same).

Accordingly, it is **ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is **DENIED**.

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff is granted leave to file a new complaint with payment of the filing fee.

It is further **ORDERED** that the Plaintiff's Motion to order U.S. Marshals to serve complaint, ECF No. 3, is **DENIED** as Moot.

Dated: July 30, 2015                          s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

- 3 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2015.

s/Karri Sandusky
Karri Sandusky, Acting Case Manager